**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY, | CIVIL ACTION |
| Plaintiff, | |
| v. | |
| JEFFREY LYNCH, | Case No. |
| Defendant. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff The Hanover Insurance Company ("Hanover") by and through its counsel, Houston Harbaugh, P.C., files the following Complaint for Declaratory Judgment.

**Nature of the Action**

1.      This is an action to obtain a judicial determination and declaration pursuant to 28 U.S.C. §§ 2201 and 2202 regarding the parties' rights and obligations under the personal automobile insurance policy issued by Hanover to Jeffrey Lynch with respect to the civil lawsuit filed by James F. Boruch against Mr. Lynch in the Court of Common Pleas of Chester County, Pennsylvania at docket number 2024-10942-TT (the "Lawsuit"), arising out of a motor vehicle incident that led to Mr. Lynch being criminally charged for—and pleading guilty to—aggravated assault by vehicle, resulting in his criminal sentencing and imprisonment.

2.      Specifically, Hanover seeks a declaration that it has no duty to defend or indemnify Mr. Lynch in connection with the Lawsuit.

**The Parties**

3.      The Hanover Insurance Company is an insurance company incorporated under the laws of New Hampshire and has its principal place of business located at 440 Lincoln Street, Worcester, Massachusetts 01653.

4.      Jeffrey Lynch is an adult individual residing at 114 Clearfield Lane, Coatesville, Pennsylvania 19320.

## Jurisdiction and Venue

5.      This Court has authority to declare the rights of the parties under 28 U.S.C. §§ 2201 and 2022.

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), and complete diversity exists among the parties, and the amount in controversy exceeds $75,000.00.

7.      Venue is proper in the Eastern District of Pennsylvania as the event giving rise to Hanover's claims occurred in this district, and the defendant named herein is subject to personal jurisdiction within this District. *See* 28 U.S.C. § 1391(b).

## The Policy

8.      Hanover issued Personal Automobile Policy no. ANYJ100621, effective August 13, 2023 to August 13, 2024, to Jeffrey Lynch (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit 1.

9.      The Policy contains the following relevant definitions:

A.      Throughout this policy, "you" and "your" refer to:

1.      The "named insured" shown in the Declarations; and

2.      The spouse if a resident of the same household.

B.      "we", "us" and "our" refer to the Company providing this insurance

\*\*\*

C.      "Bodily injury" means bodily harm, sickness or disease, including death that results.

\*\*\*

G.      "Occupying" means:

2

1. In;
2. Upon; or
3. Getting in, on, out or off.

\*\*\*

**J.**    "Your covered auto" means:

1. Any vehicle shown in the Declarations.

\*\*\*

(Ex. 1, p. 1 of form PP 00 01 01 05).

10.    The Policy, by way of endorsement contains the following Insuring Agreement:

**AMENDMENT OF POLICY PROVISIONS – PENNSYLVANIA**
\*\*\*

**II.    Part A- Liability Coverage**

**A.**    The **Insuring Agreement** is replaced by the following:

**A.**    We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this Policy.

**B.**    "Insured" as used in this Part means:

1. You or any "family member" for the ownership, maintenance or used (sic) of any auto or "trailer".

2. Any person using "your covered auto" with your permission.

3. For "your covered auto", any person or organization but only with respect to the legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

> **4.** For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part.

***

(Ex. 1, pp. 1-2 of form 231-6234 08 21).

11.    The Policy and relevant endorsement thereto, contain the following exclusions:

### EXCLUSIONS

**A.**    We do not provide Liability Coverage for any "insured":

> **1.** Who intentionally causes "bodily injury" or "property damage".

***

> **11.** We do not provide Liability coverage for any "insured";
>
> > **a.** For "bodily injury" or "property damage" arising out of a willful or malicious act or omission; or
> >
> > **b.** For "bodily injury" or "property damage" arising out of a criminal act, except for traffic violations.

***

(Ex. 1, p. 3 of form PP 00 01 01 05; p. 2 of form 231-6234 08 21).

### <u>Mr. Lynch's Criminal Assault By Vehicle</u>

12.    On or about January 22, 2024, a Police Criminal Complaint was filed against Jeffrey Lynch regarding an incident that occurred on December 15, 2023. (Ex. 2, Police Criminal Complaint).

13.    The Affidavit of Probable Cause attached to the Police Criminal Complaint states that at approximately 1130 hours, Pennsylvania State Police Trooper Salvador Melo was

dispatched to a report of a crash with injuries involving a bicyclist in the area of 791 Wollaston Road, East Marlborough Township, Pennsylvania. (Ex. 2, p. 10)

14.     The Affidavit states that Trooper Melo spoke with Jeff Lynch, who was the operator of a 2018 Dodge Caravan that was involved in the crime. (Id.)

15.     The Affidavit states that Mr. Lynch stated that he was traveling northbound on Wollaston Road when he encountered two bicyclists riding in front of him and he yelled at the first bicyclist as he passed him, then got stuck behind the second bicyclist, James Boruch as they were going up a hill. (Id.)

16.     The Affidavit states that Mr. Lynch stated that when they reached the top of the hill he drove alongside Boruch and began yelling at him, then drove his vehicle in front of Boruch and "brake checked" Boruch because he was angry that he had to wait for him to get out of the way and was frustrated with bicyclists being in the roadway. (Id. p. 11)

17.     The Affidavit states that Trooper Jason Sperazza interviewed James Boruch at his residence on December 17, 2023, and Mr. Boruch reported that a van, dark in color, had approached him from the rear, and passed him on the left while screaming at him, something along the lines of "Get off the road asshole." (Id.)

18.     The Affidavit states that Mr. Boruch stated that the van then suddenly stopped in front of him, and he believed that the operator put the van in reverse, striking him. (Id.)

19.     The Police Criminal Complaint charges Mr. Lynch with, *inter alia,* violation of 18 Pa. Code  § 2702 – Aggravated Assault by vehicle, stating that Mr. Lynch did intentionally, knowingly, or recklessly cause serious bodily injury to James Boruch by recklessly driving his vehicle into the path of Boruch causing him to crash into the rear of the vehicle. (*See* Ex. 2).

20.    On or about June 28, 2024 Mr. Lynch appeared in court for an open plea hearing on the charges set forth against him in connection with the December 15, 2023 incident. (*See,* Ex. 3, Notes of Testimony, June 28, 2024).

21.    During the hearing the prosecutor described the incident as follows:

> "The defendant Jeff Lynch was driving a vehicle on the road with two bicyclists. The defendant became frustrated with his inability to get around the bicyclists. There was an exchange of words, and the defendant brake-checked in front of the victim, James Boruch, resulting in him going through the defendant's back windshield."

(Ex. 3, p. 2).

22.    During the open plea hearing, Mr. Lynch pleaded guilty to the charges against him, and in so doing, admitted to the facts set forth by the prosecution. (Id.)

23.    On or about October 24, 2025 Mr. Lynch appeared for a sentencing hearing in the Court of Common Pleas of Chester County, Pennsylvania. (*See* Ex. 4, Notes of Testimony, October 24, 2024).

24.    During the sentencing hearing, the prosecutor stated that the state was seeking an aggravated sentence because Mr. Lynch's actions were needless, aggressive, and violent. (Id. p. 4).

25.    During the hearing James Boruch testified that "the assault that took place that day was intentional and was in no way an accident." (Id. p. 5).

26.    Mr. Boruch testified that he had been an avid cyclist for over thirty years and had never witnessed a motorist whose actions were as aggressive and violent as Mr. Lynch's conduct that day. (Id.).

6

27.     Mr. Boruch's wife, Kelly Greig-Boruch, also testified at the sentencing hearing and stated that "the actions of Jeff Lee Lynch on December 15, 2023 did not have reason behind them. There is no explanation for them, other than they were intentional." (Id. p. 11).

28.     Mr. Lynch's attorney stated during the hearing that Mr. Lynch was on his worst behavior as a result of things going on his own life, was in a bad place, and acted with anger in connection with the incident. (Id. p. 13).

29.     Mr. Lynch's attorney testified that Mr. Lynch pleaded guilty because "he committed the crime." (Id. p. 14).

30.     During the hearing Mr. Lynch apologized to Mr. Boruch, and testified that he "can't really argue that [he] had no reason to really do it, other than just [his] emotions took over and it all caught up with [him]. . . ." (Id. p. 17).

31.     Mr. Lynch was sentenced to a term of imprisonment of 45 days to 23 months with two years consecutive probation on the charge of aggravated assault by vehicle. (Id. p. 18).

## The Civil Lawsuit

32.     On or about July 17, 2025, James Boruch filed a lawsuit against Jeffrey Lynch in the Court of Common Pleas of Chester County, Pennsylvania at Docket number 2024-109452-TT. (*See* Exhibit 5, Boruch Complaint.)

33.     The Complaint alleges that on December 15, 2023 he was a bicyclist and was riding his bicycle on Wollaston Road, East Marlborough Township, Chester County, Pennsylvania in a northbound direction. (Ex. 5, ¶ 3).

34.     The Complaint alleges that at the same time and place, Mr. Lynch was operating a Dodge minivan in a northbound direction on Wollaston Road. (Ex. 5, ¶ 4).

4937-2554-5838, v. 5

35.     The Complaint alleges that Mr. Lynch pulled his vehicle in front of him and suddenly stopped, causing Mr. Boruch to strike the rear of Mr. Lynch's vehicle. (Ex. 5, ¶ 5).

36.     The Complaint alleges that in addition to stopping suddenly, Mr. Lynch placed his vehicle in reverse, causing his vehicle to come back at Mr. Boruch. (Ex. 5, ¶6).

37.     The Complaint sets forth a claim for the intentional tort of assault against Mr. Lynch.

38.     In conjunction with the assault claim, the Complaint alleges that in suddenly stopping and placing his vehicle in reverse, Mr. Lynch's acts were intended to cause harmful or offensive contact with Mr. Boruch and placed him in imminent apprehension of said contact. (Ex. 5, ¶ 20).

39.     The Complaint alleges that Mr. Lynch's acts were intentional, negligent, and reckless, and constituted an assault or attempt to harm Plaintiff. (Ex. 5, ¶ 22).

40.     The Complaint further alleges that the actions of Mr. Lynch, even if not done with the intention to cause harmful or offensive contact with Mr. Boruch, caused apprehension because the act involved an unreasonable risk of causing apprehension in the plaintiff and would therefore be a negligent or reckless threat of bodily harm. (Ex. 5, ¶ 23).

41.     The Complaint alleges that the intentional, negligent, and reckless acts of Mr. Lynch resulted in injuries and damages to Mr. Boruch. (Ex. 5, ¶ 25).

42.     The Complaint sets forth a claim for the intentional tort of battery against Mr. Lynch.

43.     The Complaint alleges that the acts of Mr. Lynch were "acts intending to cause harmful or offensive contact with the Plaintiff" and created an imminent apprehension of such contact. (Ex. 5, ¶ 31).

44.    The Complaint further alleges that the acts of Mr. Lynch were intentional, negligent, and reckless, and did cause a harmful or offensive contact and touching of Mr. Boruch without his consent. (Ex. 5, ¶ 34).

45.    The Complaint also sets forth a claim for negligence based upon the same alleged facts. (*See* Ex. 5, ¶ 16).

46.    Hanover is currently providing a defense for Mr. Lynch in the Lawsuit, under a reservation of rights.

47.    Accordingly, an actual case and controversy has arisen with respect to Hanover's duties and obligations relative to the defense and indemnification of Mr. Lynch in the Lawsuit.

## Count I
## Declaratory Relief

48.    Hanover incorporates by reference the allegations of Paragraphs 1 through 47 above, as if set forth fully and completely herein.

49.    The insuring agreement contained in the Policy affords coverage for damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. (Ex. 1, p. 2 of form 00 01 01 05).

50.    The Policy does not define the term "accident," but this term has been defined by Pennsylvania courts as an unexpected and undesirable event occurring unintentionally.

51.    The insuring agreement further provides that Hanover will settle or defend any claim or suit asking for such damages, but will have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under the Policy. (Id.)

52.    The Complaint filed by Mr. Boruch in the Lawsuit alleges that Mr. Lynch stopped his vehicle suddenly in front of Mr. Boruch and reversed his vehicle, and that these acts were intended to cause harm to Mr. Boruch.

53. Although the Complaint also contains a count for negligence, this count is based upon the same intentional conduct underlying the claims for assault and battery.

54. Under Pennsylvania law, "if the factual allegations of the complaint sound in intentional tort, arbitrary use of the word 'negligence' will not trigger an insurer's duty to defend." *Agora Syndicate, Inc. v. Levin*, 977 F. Supp. 713, 715-16 (E.D. Pa. 1997).

55. Because the factual allegations of the Complaint sound in intentional tort, the Lawsuit does not allege an "accident," and therefore there is no coverage under the Policy.

56. Additionally, the Policy does not provide Liability Coverage for any "insured" who intentionally causes "bodily injury" or "property damage" pursuant to Exclusion A.1. (Ex. 1, p. 2 of form PP 00 01 01 05).

57. The Policy also does not provide Liability Coverage for any insured for "bodily injury" or "property damage" arising out of a willful or malicious act or omission, or arising out of a criminal act, pursuant to Exclusion 11.a and 11.b. (Ex 1, p. 2 of form 231-6234 08 21).

58. Because the Complaint alleges that Mr. Lynch's conduct was intentional, intended to harm Mr. Boruch, and arose out of a criminal act, Exclusions A.1 and 11.a apply, and there is no coverage under the Policy for the allegations set forth against Mr. Lynch in the Lawsuit.

WHEREFORE, Hanover respectfully requests that this Honorable Court enter judgment in its favor and declare the following:

(a) The Lawsuit filed by James Boruch against Jeffrey Lynch in the Court of Common Pleas of Chester County, Pennsylvania at docket no. 2024-10942-TT does not allege an "accident;"

4937-2554-5838, v. 5

(b)     Exclusion A.1 precludes coverage for the Lawsuit filed by James Boruch against Jeffrey Lynch in the Court of Common Pleas of Chester County, Pennsylvania at docket no. 2024-10942-TT;

(c)     Exclusion 11.a precludes coverage for the Lawsuit filed James Boruch against Jeffrey Lynch in the Court of Common Pleas of Chester County, Pennsylvania at docket no. 2024-10942-TT;

(d)     Hanover has no duty to defend Jeffrey Lynch with respect to the Lawsuit filed by James Boruch in the Court of Common Pleas of Chester County, Pennsylvania at Docket No. 2024-10942-TT.

(e)     Hanover has no duty to indemnify Jeffrey Lynch with respect to any award, verdict, judgment or settlement in the Lawsuit filed by James Boruch in the Court of Common Pleas of Chester County, Pennsylvania at Docket No. 2024-10942-TT


Dated: November 5, 2025                          Respectfully submitted,

                                                 HOUSTON HARBAUGH, P.C.


                                                 By: /s/ *Christopher M. Jacobs*
                                                     Henry M. Sneath, Esq.
                                                     PA I.D. No. 40559
                                                     sneathhm@hh-law.com
                                                     Christopher M. Jacobs, Esq.
                                                     PA I.D. No. 89092
                                                     jacobscm@hh-law.com
                                                     Lisa R. Whisler, Esq.
                                                     PA I.D. No. 312032
                                                     whislerlr@hh-law.com
                                                     401 Liberty Avenue, 22nd Floor
                                                     Pittsburgh, PA 15222
                                                     412-281-5060
                                                     (***Attorneys for Plaintiff***)

4937-2554-5838, v. 5